UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS SHANY IVY,<br><br>                    Petitioner,<br><br>          v.<br><br>MATTHEW L. CATE; KAMALA D. HARRIS,<br><br>                    Respondents. | Civil No.    12-cv-0249-AJB (POR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>**[ECF No. 3]** |

        On January 30, 2012, Petitioner, a state prisoner proceeding *pro se*, filed a motion for appointment of counsel. (ECF No. 3.) Petitioner requests counsel be appointed so that his "interests may be protected by the professional assistance required." *Id.* at 1. "Due to the special issues and complexities of petitioners [sic] case, where the victim had 3 substantial causes of death which make it unusual[,] counsel is required in the interest of justice to achieve due process." *Id.* Further, Petitioner states he suffers from Attention Deficit Disorder and has a psychiatric history. *Id.*

        The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

1    In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to
2 appointed counsel unless the circumstances of a particular case indicate that appointed counsel is
3 necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at
4 728-29. A due process violation may occur in the absence of counsel if the issues involved are too
5 complex for the petitioner. In addition, the appointment of counsel may be necessary if the
6 petitioner has such limited education that he or she is incapable of presenting his or her claims.
7 Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

8    "The procedures employed by the federal courts are highly protective of a pro se petitioner's
9 rights. The district court is required to construe a pro se petition more liberally than it would
10 construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404
11 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730
12 F.2d at 1234.

13    Petitioner requests appointment of counsel to assist him in his current Petition for habeas
14 corpus. Petitioner, however, has sufficiently represented himself to date. From the face of the
15 Petition, filed *pro se*, as well as the Motion for Appointment of Counsel itself, it appears Petitioner
16 has a good grasp of this case and the legal issues involved. Accordingly, at this stage of the
17 proceedings, the Court finds the interests of justice do not require the appointment of counsel.
18 Based thereon, the Court hereby DENIES Petitioner's Motion for Appointment of Counsel without
19 prejudice.

20    **IT IS SO ORDERED.**

21 DATED: February 7, 2012

23                                            LOUISA S PORTER
                                              United States Magistrate Judge