# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS SHANE IVY,<br><br>  Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary,<br><br>  Respondent. | Civil No.  12-cv-0249-AJB (DHB)<br><br>**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**<br><br>**[ECF No. 23]** |

Petitioner Ross Shane Ivy ("Ivy"), a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), seeks relief from his July 24, 2009 conviction of second degree murder with use of a deadly and dangerous weapon. On March 19, 2013, the undersigned Magistrate Judge issued a Report and Recommendation that the Petition be denied. (ECF No. 27.) In addition to that Report and Recommendation, the undersigned Magistrate Judge **DENIES** Ivy's Motion for Evidentiary Hearing (ECF No. 23) because he does not satisfy the standards for obtaining an evidentiary hearing under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as set forth below.

Ivy requested an evidentiary hearing in the caption of his Petition and in a separate Motion For Evidentiary Hearing accompanying his Traverse. (ECF No. 1 at 1; ECF No. 23.) His Motion merely reiterates his Petition arguments. Respondent does

not address Ivy's evidentiary hearing request, either in the Answer or through an Opposition to the Motion.

AEDPA prescribes the manner in which federal courts must approach the factual record and "substantially restricts the district court's discretion to grant an evidentiary hearing." Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999); Cullen v. Pinholster, 131 S.Ct 1388, 1400-01 (2011) ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing"). Furthermore, "[b]ecause a federal court may not independently review the merits of a state court decision without first applying the AEDPA standards, a federal court may not grant an evidentiary hearing without first determining whether the state court's decision was an unreasonable determination of the facts." Earp v. Ornoski, 431 F.3d 1158, 1166-67 (9th Cir. 2005), citing Lockyer, 538 U.S. at 71; *see also* Schriro, 550 U.S. at 474 ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate"). "In practical effect, . . . this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" Cullen, 131 S.Ct. at 1401, 1399, quoting Schriro, 550 U.S. at 474.

"If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Cullen, 131 S.Ct. at 1400. If a claim subject to 28 U.S.C. § 2254(d)(1) "does not satisfy that statutory requirement, it is "unnecessary to reach the question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim."[1] Id.,

---

[1] "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the claim relies on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Ivy attempts no such demonstration.

quoting Williams, 529 U.S. at 444.  For the reasons discussed in the undersigned Magistrate Judge's Report and Recommendation that the Petition be denied (ECF No. 27), the Court determines that none of Ivy's claims warrant federal habeas relief under 28 U.S.C. § 2254(d)(1).  By its terms, 28 U.S.C. § 2254(d)(2) restricts federal habeas review to the state court record.  Accordingly, Ivy's request for an evidentiary hearing is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  March 19, 2013

_____
DAVID H. BARTICK
United States Magistrate Judge